Judge Underwood,
delivered the opinion of the court.
Wuxirosuo purchased flom Hays and Bentley, a parcel of land which, not holding out the quantity specified in the deed, he filed his bill to obtain compensation for the deficiency. The deed describes the land sold as “containing ninety-eight acres, be there more or less” and gives the boundary. We have no doubt from the evidence, that the contract originally, was a sale by the acre. The price per acre was to be settled by disinterested valuers. After that was done the land was to have been accurately surveyed for the purpose of ascertaining lhe quantity. But after the price was fixed, the parties so far modified the contract as to agree to abide by an old survey; which turns out to be erroneous, making the quantity more than there really is, by eleven acres and a frac don. The deed was executed by this old survey, and the expression “more or less” was doubtless used for the purpose of showing that the parties thereafter risked the quantity. This is confirmed by the testimony of Bush, if confirmation was wanting. The complainant alleged no fraud or mistake in drawing .and executing the deed.- ' None is-shown to exist.
If there were eleven acres more than the quantity cajled for, we are of opinion the complainant would *182 be entitled to it, without paying therefor; as the quan»* tity is deficient, he must loose it, having converted a contract by the acre into a risking bargain; the cases of Young vs. Craig, II Bibb, 272, and Rogers vs. Garnett, IV Mon. 269, are decisive of the present controversy.
Turner, for plaintiff.
The chancellor had no jurisdiction to enforce the observance of the parol contract by which it may have been stipulated on the part of Bentley, that Williford might have compensation for the deficiency out of the note on Wm. Bentley placed- in Williford’s hands. The merits of the case being against the complainant-independent of that contract,- the circuit court properly dismised his bill.
Wherefore, the decree is affirmed, but without costs, as the defendants in error failed to enter their appearance in this court.